UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ONE PARCEL OF PROPERTY DESCRIBED AS: 21279 VANTAGE POINT DR., LAKE PRESTON, KINGSBURY COUNTY, SOUTH DAKOTA, with all appurtenances, fixtures, attachments, and improvements thereon; 2005 MERCURY MARQUIS, VIN #2MEHM75W65X618511; and $147,594.22 in GOLD COINS,<br><br>Defendants. | 4:12-CV-04184-KES<br><br><br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE |

Plaintiff, United States of America, pursuant to Rule G(8)(c) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, moves to strike the verified claim asserted by Arthur J. Maurello, Graf Werner Stamphaus (GWS), and J.J.F. Fine Arts Corp. (JJF). The government alleges that the claimants do not have statutory standing to challenge the forfeiture action. Docket 92. Alternatively, the government moves to strike the verified claim asserted by JJF on the basis that it lacks Article III standing. *Id.* The claimants resist the motion as it pertains to statutory standing. For the following reasons, the government's motion is granted in part and denied in part.

## FACTUAL BACKGROUND

On October 26, 2012, the government filed a complaint seeking civil forfeiture of the following property: real property located in Lake Preston, South Dakota, a 2005 Mercury Marquis, and $147,594.22 in gold coins. Docket 1. The government seeks forfeiture under 31 U.S.C. § 5317(c)(2) because the property was allegedly "involved in structuring transactions to evade reporting requirements, involved in a conspiracy to evade reporting requirements, or is property traceable to violations of Section 5324 of title 31[.]" Docket 1 at ¶ 31. On December 13, 2012, Maurello filed a verified claim to contest the forfeiture action. Docket 25. In the verified claim, Maurello asserts ownership of the property individually, as principal of GWS, and as a corporate officer of JJF.[1] *Id.* Maurello filed the verified claim, *pro se*, while serving a term of incarceration stemming from an unrelated criminal conviction.

## DISCUSSION

The government seeks to strike the claimants' verified claim under Rule G(8)(c)(i)(A) and (B), which provide the following:

> (i) At any time before trial, the government may move to strike a claim or answer:
> (A) for failing to comply with Rule G(5) or (6), or
> (B) because the claimant lacks standing.

Fed. R. Civ. P. Supp. R. G(8)(c)(i)(A)-(B). The government first argues that the claimants have failed to comply with Rule G(5).

---

[1] For purposes of clarity, the court will refer to Maurello, GWS, and JJF as "claimants" when referring to the verified claim.

Rule G(5) details the requirements necessary to file a verified claim in opposition to a forfeiture action instituted by the government. A claimant can contest a forfeiture action by asserting a verified claim in the following manner:

> (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney[.]

Fed. R. Civ. P. Supp. R. G(5)(a)(i)(A)-(D). Courts often refer to the Rule G(5) analysis as statutory standing while Rule G(8)(C)(i)(B) analysis pertains to Article III standing. *See United States v. ADT Sec. Serv., Inc.*, 522 F. App'x 480, 489 (11th Cir. 2013). "A forfeiture claimant must satisfy both constitutional and statutory standing requirements to file a verified claim properly." *United States v. Eleven Million Seventy-One Thousand One Hundred & Eighty-Eight Dollar & Sixty Four Cents ($11,071,188.64) in U.S. Currency,* No. 4:12-CV-1559, 2014 WL 301014, at *1 (E.D. Mo. Jan. 28, 2014).

## I. The verified claims satisfy the requirements of Rule G(5).

"To establish statutory standing under Rule G(5) . . . a 'person who asserts an interest in the defendant property' must 'state the claimant's interest in the property.' " *Id.* (quoting Fed. R. Civ. P. Supp. R. G(5)(a)(i)(B)). The "claimant's interest in the property must be stated with some level of specificity." *United States v. $154,853.00 in U.S. Currency,* 744 F.3d 559, 562

3

(8th Cir. 2014). The Eighth Circuit Court of Appeals has "repeatedly held that district courts may require claimants in forfeiture proceedings to comply strictly with Rule [G(5)] in presenting their claims to the court." *United States v. Three Parcels of Real Prop.*, 43 F.3d 388, 391 (8th Cir. 1994).

"The filing of a verified claim, as required by the Supplemental Rules, 'is no mere procedural technicality.' " *United States v. Cashier's Check in Amount of Five Hundred Nineteen Thousand Four Hundred Eighty-Six Dollars & Twelve Cents*, No. C07-00009-LRR, 2007 WL 4570067, at *4 (N.D. Iowa Dec. 24, 2007) (quoting *United States v. $23,000 in United States Currency*, 356 F.3d 157, 163 (1st Cir. 2004)). "In requiring a claimant to follow these procedures, the Supplemental Rules 'ensure that putative claimants come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may hear all interested parties and resolve the dispute without delay.' " *United States v. $5,548.00 in U.S. Currency*, No. 4:14-CV-3038, 2014 WL 4072096, at *2 (D. Neb. Aug. 14, 2014) (quoting *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 101 (D.D.C. 2009)). Additionally, "[i]t forces claimants to assert their alleged ownership under oath, creating a deterrent against filing false claims." *Cashier's Check*, 2007 WL 4570067, at *4.

The government urges the court to hold that the claimants' verified claim fails to provide the detail necessary to satisfy Rule G(5). The government relies upon a line of cases where courts struck verified claims due to insufficient specificity regarding the claimants' interest in defendant property and insufficient specificity regarding the means in which the claimants acquired

4

such property. *See* Docket 94 at 8-10. According to the government, the claimant's "bald assertion of ownership is not sufficient to satisfy the requirement of Rule G(5)[.]" Docket 94 at 8.

The claimants offer a variety of arguments in response to the government's motion. First, the claimants argue that they complied with the requirements of Rule G(5) by alleging, under oath, that they are bona fide owners of the defendant property. Second, the claimants argue that the majority of precedent cited by the government is inapplicable to the case at bar. Specifically, the claimants assert that there is no dispute regarding ownership of the defendant property because the government's complaint includes exhibits that provide great detail regarding the claimants' ownership of, as well as the alleged source of funds utilized to purchase, the defendant property. Third, the claimants urge the court to consider Maurello's incarcerated status at the time of filing. According to the claimants, Maurello's incarceration created significant complications in obtaining information associated with the ownership interests of each claimant. Finally, the claimants argue that the court should grant leave to amend the verified claim if it lacks the specificity required to satisfy Rule G(5). Docket 104 at 13 (citing *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985) (stating that amendments should be liberally permitted to add verification to claims originally lacking them, particularly when the government's complaint asserts that the claimant owns the property)).

5

The court agrees with the claimants' characterization regarding the validity of the verified claim. The claimants have identified the specific property claimed. *See* Fed. R. Civ. P. Supp. R. G(5)(a)(i)(A). They have identified their interest in the property as "bona fide" owners. *See id.* at G(5)(a)(i)(B). Also, the verified claim was signed under penalty of perjury and served upon the government attorney. *See id.* at G(5)(a)(i)(C)-(D). As such, the claimants have complied with the text of Rule G(5).

While the government cites a valid line of cases that required claimants to state their interest in defendant property with heightened specificity, the court finds that the reasoning behind those holdings is not relevant here. For example, in *$154,853.00 in U.S. Currency*, a case cited by the government, the defendant property was cash seized from a car carrying narcotics where the owner of the vehicle initially denied ownership of the money. Docket 94 at 8 (citing *$154,853.00 in U.S. Currency*, 744 F.3d at 561-62); *See also* Docket 94 at 9 (citing *United States v. Approximately $189,040.00 in U.S. Currency*, No. 2:13-CV-0643, 2013 WL 4714177 (E.D. Cal. Aug. 9, 2013) (striking claim for money seized from a Lincoln Navigator in connection with violation of federal drug laws noting the danger of false claims in civil forfeiture claims)); and (citing *United States v. $29,540.00 in U.S. Currency*, No. CIV. A 11-12172-GAO, 2013 WL 783052 (D. Mass. Feb. 28, 2013) (striking claim for money found in airport security screening that was connected to drug transaction because claimant only asserted a possessory interest in the money)). Much of the precedent relied upon by the government stems from scenarios where the

6

defendant property is currency seized in connection with illegal activity. In these situations, sound reasoning supports heightened requirements when asserting ownership of the currency.

In the case at bar, concerns associated with the validity of the verified claim are simply not present. As the claimants note, the government attached exhibits to its complaint that detail the alleged source of funds that the claimants utilized to purchase the defendant property. Therefore, rigid application of Rule G(5) is not necessary as it pertains to the specificity needed when stating the claimants' interest in the property.

Additionally, the court finds that the Maurello's incarceration at the time of the *pro se* filing is relevant in this analysis. Without any documentation to confirm details regarding acquisition of the defendant property, the verified claim asserted that Maurello, or the entities that he owned, was the bona fide owner of the defendant property. Under these circumstances, the level of specificity provided in the verified claim satisfies Rule G(5). The government's motion to strike the verified claim as it pertains to statutory standing is denied.

## II.     J.J.F. Fine Arts Corporation's verified claim does not satisfy the standing requirements of Article III.

Second, the government argues that the court should strike JJF's verified claim because Maurello is not a licensed attorney and cannot file a claim on behalf of the corporation. The claimants do not dispute the government's argument as it pertains to JJF and further allege that JJF does not own the defendant property. *See* Docket 102 at ¶ 10. Thus, the government's motion to strike JJF's claim is granted.

7

**CONCLUSION**

The claimants' verified claim to the defendant property satisfies the statutory standing requirements of Rule G(5) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. Conversely, JJF does not have Article III standing to challenge the forfeiture action because Maurello is not a licensed attorney. Accordingly, it is

ORDERED that the government's motion to strike the verified claims of Arthur Maurello and Graf Werner Stamphaus is denied.

IT IS FURTHER ORDERED that the government's motion to strike the claim of J.J.F. Fine Arts Corporation is granted.

IT IS FURTHER ORDERED that the deadline to file substantive motions is March 28, 2016.

Dated January 26, 2016.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE